# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**MICHAEL DENDY,**
        **Petitioner,**

                                **Case No: 07-14614**
                                **Honorable Denise Page Hood**

v.

**L.C. EICHENLAUB,**
        **Respondent.**
_____/

## ORDER DISMISSING PETITIONER'S HABEAS CORPUS PETITION WITHOUT PREJUDICE

Petitioner Michael Dendy has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. Petitioner is challenging the validity of the Bureau of Prisons' regulations 28 C.F.R. §§ 570.20 and 570.21, which limit the amount of time prisoners can spend in a residential re-entry center at the end of their period of incarceration. Respondent argues in its answer to the habeas petition that Petitioner's claims are premature and therefore not ripe for adjudication. Because the Court agrees that Petitioner's claims are premature, the Court will dismiss the habeas petition without prejudice.

## I. Background

Petitioner is a federal prisoner confined at the Federal Correctional Institution in Milan, Michigan. He was sentenced on November 8, 2006, by the Untied States District Court for the Eastern District of Michigan, to forty-six months of imprisonment, followed by three-years of

supervised release, for felon in possession of a firearm. Petitioner has a projected release date of August 15, 2009.

On July 2, 2007, Petitioner filed an administrative remedy with the warden, asking to be individually assessed for community confinement under 18 U.S.C. § 3621(b)[1] and placed on community confinement after consideration. His request was denied. Petitioner appealed that decision to the regional office and the central office for inmate appeals. Both offices affirmed the warden's decision.

Subsequently, Petitioner filed his habeas corpus petition on October 29, 2007.

## II. Discussion

Article III, section 2, of the United States Constitution provides federal courts with jurisdiction over "cases" and "controversies." The Court is "obliged under Article III to limit its jurisdiction to ripe cases, to avoid issuing advisory opinions based upon hypothetical situations."

---

[1] This statute provides that "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). It further provides that the Bureau should consider the following factors when making that determination:

(1) the resources of the facility contemplated;
(2) the nature and circumstances of the offense;
(3) the history and characteristics of the prisoner;
(4) any statement by the court that imposed the sentence—
(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
(B) recommending a type of penal or correctional facility as appropriate; and
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994 (a)(2) of title 28.

*Id.*

*Briggs v. Ohio Elections Comm'n*, 61 F.3d 487, 493 (6th Cir. 1995).

> Ripeness focuses on the timing of the action rather than on the parties who bring the suit. In *United Steelworkers, Local 2116 v. Cyclops Corp.*, 860 F.2d 189, 194-95 (6th Cir. 1988), [the Court of Appeals] outlines the factors that a court must weigh in deciding whether to address the issues presented for review; i.e., the hardship to the parties if judicial review is denied at the pre-enforcement stage, the likelihood that the injury alleged by the plaintiff will ever come to pass, and the fitness of the case for judicial resolution at this stage. In the context of a pre-enforcement challenge, a case is ripe for review only if the probability of the future event occurring is substantial and of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Thus, the ripeness requirement aims to prevent the court from entangling itself in abstract disagreements.

*People Rights Organization, Inc. v. Columbus*, 152 F.3d 522, 527 (6th Cir. 1998) (citations, quotation marks and footnote omitted); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Here, Petitioner is not likely to suffer any hardship if judicial review is denied because he is not entitled to placement in a residential re-entry center before the final six months of his sentence. His projected release date is August 15, 2009, and the Bureau of Prisons does not expect to prepare a final and specific release plan for Petitioner until approximately one year before August 15, 2009. Moreover, it is anticipated that the issue in dispute will be resolved by the Court of Appeals in this Circuit sometime in the near future. *See Holloway v. Marberry*, No. 07-2040 (6th Cir. filed Aug. 22, 2007) (a motion for an expedited oral argument was filed on Feb. 11, 2008, and granted on Feb. 19, 2008). After the Sixth Circuit's ruling in that case, this

Court will be better equipped to rule on Petitioner's claim.

This case is not fit for judicial resolution because there is not a substantial probability that the Bureau of Prisons will consider transferring Petitioner to a residential re-entry center for a few months. In other words, Petitioner's claim is not ripe for review at this time. Accordingly, Petitioner's writ of habeas corpus is DISMISSED without prejudice.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: June 30, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record and:

**Michael Dendy** #39482039
MILAN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
MILAN, MI 48160

on June 30, 2008, by electronic and/or ordinary mail.

S/Lisa Ware for William F. Lewis
Case Manager